ROBERT M. BODZIN (SBN: 201327)
rbodzin@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
rbodzin@grsm.com

CHARLES H. DELACY (SBN: 181972)
DeLacey, Riebel & Shindell, LLP
180 Montgomery St, Suite 1900
San Francisco, CA, 94104
Tel: (415) 528-7000
Fax: (415) 528-7001
charles@drsfamilylaw.com

Attorneys for Defendant
TEDAN SURGICAL INNOVATIONS, INC.,
FKA TEDAN SURGICAL INNOVATIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MARRIAGE OF:<br><br>PETITIONER: KARI JOHNSTON<br><br>and<br><br>RESPONDENT: TERRY JOHNSTON<br><br><br>KARI JOHNSTON,<br><br>Plaintiff<br><br>vs.<br><br>TERRY JOHNSTON, An Individual, TEDAN SURGICAL INNOVATIONS, a Texas Corporation, converted from TEDAN SURGICAL INNOVATIONS, LLC., A Texas Limited Liability Company and DOES 1-10, inclusive<br><br>Defendants | CASE NO.<br><br>**DEFENDANT TEDAN SURGICAL INNOVATIONS, INC., FKA TEDAN SURGICAL INNOVATIONS, LLC's NOTICE OF REMOVAL**<br>**(28 U.S.C. §§1332, 1441 & 28 U.S.C. §1331)**<br><br>**JURY TRIAL DEMANDED**<br><br>(San Mateo County Superior Court Case No. FAM-0122515) |

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant TEDAN SURGICAL INNOVATIONS, INC., FKA TEDAN SURGICAL INNOVATIONS, LLC ("TSI") by and through its undersigned counsel, contemporaneously with the filing of this Notice, hereby effects removal of the above-referenced action from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California. This removal is based on 28 U.S.C. §§ 1332 and 1441 (Diversity Jurisdiction), and 28 U.S.C. §1331 (Federal Question Jurisdiction) specifically, on the following grounds:

## I.  STATEMENT OF JURISDICTION

1. This is a civil action over which the Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is one that may be removed to this Court by TSI pursuant to 28 U.S.C. § 1441(b) because it is a civil action because the parties are considered citizens of different states (Illinois, Nevada, and Texas) and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth herein.  28 U.S.C. §§ 1332, 1441(a) and 1446(b).

This is also a civil action over which the Court has original jurisdiction as per 28 U.S.C. §1331, based on the federal questions raised in the First Amended Complaint ("FAC.") These federal questions concern the following federal statutes raised in the FAC, which are as follows:

- Bankruptcy of Co-Defendant Terry Johnston & Adversary Proceeding of Plaintiff Kari Johnston filed under 11 USC §§ 523(a)(2), (a)(4), (a)(5), and (a)(15)  **(The entire FAC is attached to TeDan's Request for Judicial Notice ("RJN") as Exhibit A;** *see* **RJN, Exhibit A at FAC page 4, Paragraph 1; FAC pages 13-14, Paragraphs 13-15; FAC page 15-16; Paragraphs 25-26; FAC page 16-17, Paragraph 28-33; FAC page 28, Paragraph 88; page 37, Paragraph 146.)**

These federal questions also concern the June 21, 2022 Order Granting Kari Johnston's Motion for Limited Stay Relief from 11 USC § 362(a) to Pursue Action in Family Court

Against Debtor issued in United States Bankruptcy Court, District of Nevada, Case No. BK-S-20-12461-gs (ECF Document No. 452), ("2022 Stay Relief Order"), attached to the RJN as Ex. B.  The 2022 Stay Relief Order specifically confirms that the bankruptcy stay is not lifted to allow Kari Johnston to recover TSI shares that the Bankruptcy Trustee already recovered and sold and/or any other community property claims the Bankruptcy Trustee has already settled.  Id. at page 3, lines 6-16.

Based on the good-faith belief that Kari Johnston's entire FAC against TSI seeks solely to recover TSI shares that the Bankruptcy Trustee already recovered and sold and/or any other community property claims the Bankruptcy Trustee has already settled, TSI filed its Complaint for Declaratory Relief Judgment as to the Rights and Interests Pursuant to Settlement and Sale Orders on May 19, 2022 in United States Bankruptcy Court, District of Nevada, Case No. BK-S-20-12461-GS, Adversary Case No. 22-01702-gs **(ECF Document No. 434.)("TSI Adversary Complaint"), attached the RJN as Ex. C.**  The federal statutes raised in the TSI Adversary Complaint are 28 USC §§ 157(b)(2)(A), (N) and (O), 11 USC § 541, 11 USC § 363.

The federal questions raised by Kari Johnston's FAC against TSI are as follows:

a. Does the FAC against TSI solely seek recovery of TSI shares that the Bankruptcy Trustee already recovered and sold and/or any other community property claims the Bankruptcy Trustee has already settled;

b. Should the FAC against TSI be stayed until the Nevada Bankruptcy Court has fully adjudicated TSI's Adversary Complaint;

c. Should any portion of the FAC against TSI be stricken if is found by the Nevada Bankruptcy Court to solely seek recovery of TSI shares that the Bankruptcy Trustee already recovered and sold and/or any other community property claims the Bankruptcy Trustee has already settled

/ / /

/ / /

/ / /

## II. VENUE

2. The action was filed in the Superior Court of California for the County of San Mateo. Venue properly lies in the United States District Court for the Northern District of California, because it is the district court where the state court action is pending. See 28 U.S.C. §§ 84(a), 1391(a), 1441(a) & (c).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391, and 1446.

## III. STATUS OF THE PLEADINGS

4. This lawsuit arises out of a family court divorce action between Petitioner and Plaintiff, Kari Johnston and her former husband, Terry Johnston (the "Divorce action".)  In or about February 2016, Kari and Terry Johnston entered into a written agreement entitled "MEMORANDUM OF SETTLEMENT TERMS Re: Marriage of Johnston."  **("Settlement Agreement"), attached to the RJN as Exhibit D.**

5. In May 2020, Kari Johnston filed a Motion for Joinder, seeking to join TSI into the Divorce action, and for leave to serve a separate joinder complaint against TSI to allow Ms. Johnston to take possession of the TSI stock membership interest that once belonged to her former husband. **(ECF Document No. 107-1), attached to the RJN as Exhibit E.**

6. On May 21, 2020, Terry Johnston filed for Chapter 7 bankruptcy in the District Court of Nevada. **(See ECF Document No. 1. attached to the RJN as Exhibit F.)**

7. On November 20, 2020, per Ms. Johnston's motion, the bankruptcy court lifted the automatic stay on the Divorce action for the *limited purposes* of allowing Kari Johnston to pursue her motion for joinder as to TSI, and to litigate her complaint for damages *only* as against TSI, with the provision that any recovery against TSI shall immediately become the property of the bankruptcy estate under 11 U.S.C. §541.  *The automatic stay is still in effect as to the Divorce action between the Johnstons*.   **(ECF Document No. 130) ("Order"), attached to the RJN as Exhibit G.**

8. In her December 24, 2020 Order, Judge Rachel Holt of the San Mateo Superior Court, granted Kari Johnston's Motion for Joinder of TSI and authorized Kari Johnston to file her Complaint. **("Order"), attached to the RJN as Exhibit H.**

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

9. Kari Johnston's Joinder Complaint, titled "Complaint to Set Aside Pledge of Shares of Stock as Security for Indebtedness and for Injunctive Relief and Related Causes of Action stated was filed in the San Mateo Family Court on February 5, 2021 and was never served.  **(A copy of this Joinder Complaint is included in Exhibit H of the RJN.)**

10. As a result of Terry Johnston's bankruptcy and the May 10, 2021 Bankruptcy Court-approved settlement between the Chapter 7 Trustee for Mr. Johnston's bankruptcy estate and TSI ("the Trustee"), all of the TSI stock formerly owned by Mr. Johnston became the property of the Trustee.   **(ECF Document No. 212), attached to the RJN as Exhibit I.)**

11. On June 2, 2021, following approval of the Bankruptcy Court Settlement, TSI filed its Motion to Set Aside Order Approving Motion for Order Terminating the Automatic Stay to Permit Family Court Action to Proceed Against Non-Debtor.  **(ECF Document No. 230), attached to the RJN as Exhibit J.)** This motion was granted by the Bankruptcy Court at the hearing held on July 1, 2021**. (ECF Document No. 268, attached to the RJN as Exhibit K.)**  On July 9, 2021, Ms. Johnston filed her Bankruptcy Court Motion to Address Objections to TeDan Surgical Innovations' Proposed Form of Order Granting Motion to Set Aside Order Granting Kari Johnston's Motion for Order Terminating the Automatic Stay to Permit Family Court Action to Proceed Against Non-Debtor **(ECF Document No. 270, attached to the RJN as Exhibit L.)**

12. Accordingly, the Court held a hearing to consider Ms. Johnston's objections to the proposed form of order vacating the prior Lift Stay Order, and ultimately entered its Order Granting Motion to Set Aside Order Granting Kari Johnston's Motion for Order Terminating the Automatic Stay to Permit Family court Action to Proceed Against Non-Debtor on August 20, 2021 (ECF Document No. 316) ( "Order Vacating Stay Order"), **attached to the RJN as Exhibit M,** which vacated the prior Lift Stay Order (ECF Document No. 130), *see* **Exhibit G.**

13. On August 25, 2021, TeDan filed its notice to exercise the right of first refusal ("TeDan Notice") granted to it by way of the Settlement Agreement, pursuant to paragraph (p) of the *Court's Order (I) Approving Procedures for Sale of Estate's Interest in TeDan Surgical Innovations, Inc.; (II) Scheduling Sale Haring; (III) Authorizing Sale of Assets Free and Clear*

*of Liens, Interests, Claims and Encumbrances; and (IV) Waiving Stay Under Bankruptcy Rule 6004(h)* entered on May 10, 2021 **(ECF Document No. 213, attached to the RJN as Exhibit N),** and as modified by this Court's Order Regarding Motion to Extend Bidding Deadlines and Auction Date Due to Failure to Timely Provide Due Diligence as Required by the Order entered on May 10, 2021, entered on June 29, 2021 **(ECF Document No. 266 attached to the RJN as Exhibit O;  see also, TeDan Notice of Exercise of Right of First Refusal Re Sale of Estate's Interest in Tedan (ECF Document No. 322), attached to the RJN as Exhibit P.)** On September 15, 2021, the Court entered the 363 Sale Order at ECF No. 361 which provided:

IT IS FURTHER ORDERED that TeDan shall be designated the Buyer of the Assets for the purchase price of $1,500,000.00, plus waiver of its lien in the amount of $1,000,000 in principal, plus interest, fees and costs as set forth therein (the "Loan Amount") (collectively, the "Purchase Price"), and that the Assets are being sold "as is, where is" and without warranty, free and clear of all liens under 11 U.S.C. §363(f), except the assets will remain subject to the TeDan Lien in favor of TeDan and subject to the Governing Documents Attributes. **(ECF Document No. 361 at p. 3 lls. 1-6) ("Sale Order"), attached to the RJN as Exhibit Q.)**  In addition, the Sale Order also included a retention of jurisdiction by the Court "over all matters arising from or related to the interpretation and implementation of this [Sale Order]." **Id. at p. 5 lls. 26-27.**

14. On March 8, 2022, Ms. Johnston filed her *Motion for Limited Stay Relief to Pursue Further Action in Family Court Against Debtor* in the Nevada Bankruptcy Court **(ECF Document No. 403 (the "Stay Relief Motion"), attached to the RJN as Exhibit R.**) Through the Stay Relief Motion, Ms. Johnston sought stay relief to assert claims in the California Family Court by filing her First Amended Complaint for Violation of ATRO, Fraud, Breach of Fiduciary Duties, Aiding and Abetting Fraud, Conspiracy and Unfair Business Practices in Violation of B&P 17200 ("FAC") to add claims which relate solely to the TeDan stock and the  prepetition loan between TeDan and Debtor, all of which were settled in the context of the Settlement Order and 363 Sale Order.

15. On May 19, 2022, TSI filed its Complaint for Declaratory Relief Judgment as to

1 the Rights and Interests Pursuant to Settlement and Sale Orders the Nevada Bankruptcy Court, Case No. BK-S-20-12461-GS, Adversary Case No. 22-01702-gs (ECF Document No. 434) ("TSI Adversary Complaint"), *see* **Exhibit C.** TSI's Adversary Complaint seeks declaratory relief, which includes obtaining a declaration from the Nevada Bankruptcy Court that the FAC against TSI solely seek recovery of TSI shares that the Bankruptcy Trustee already recovered and sold and/or any other community property claims the Bankruptcy Trustee has already settled.

16. The June 21, 2022 Order Granting Kari Johnston's Motion for Limited Stay Relief from 11 USC § 362(a) to Pursue Action in Family Court Against Debtor issued in United States Bankruptcy Court, District of Nevada, Case No. BK-S-20-12461-GS (ECF Document No. 452), ("2022 Stay Relief Order"), *see* **Exhibit B.** The 2022 Stay Relief Order specifically confirms that the bankruptcy stay is not lifted to allow Kari Johnston to recover TSI shares that the Bankruptcy Trustee already recovered and sold and/or any other community property claims the Bankruptcy Trustee has already settled. **Id. at page 3, lines 7-16.** The latter Order also confirmed that the automatic bankruptcy stay is not modified for the purpose of allowing Kari Johnston to set aside the term sheet in her divorce settlement with Terry Johnston. **Id.** TSI has a good-faith belief that Kari Johnston's entire FAC against TSI seeks solely to recover TSI shares that the Bankruptcy Trustee already recovered and sold and/or any other community property claims the Bankruptcy Trustee has already settled. To TSI's knowledge, no other pleadings, process or orders related to TSI in this case have been filed with the Superior Court of the State of California, County of San Mateo.

**IV.   NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL**

17. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel of record, Paul F. Vorsatz and Dustin Vorsatz of Vorsatz & Vorsatz, 345 Lorton Avenue, Suite 103, Burlingame, California 94010, pvorsatz@gmail.com & dvorsatz@gmail.com and Jennifer Hagan, Hagan Law, 535 Middlefield Road, Suite 190, Menlo Park, CA 94025, jhagan@haganlaw.com and a copy of

-7-
Defendant TeDan Surgical Innovations, Inc.'s Notice of Removal
(28 U.S.C. §§1332, 1441)

this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Mateo, as required by 28 U.S.C. § 1446(d).

## V. TIMELINESS OF REMOVAL

18. A notice of removal in a civil action must be filed within thirty (30) days after service of the Summons and Complaint. (28 U.S.C. §1446(b); see also *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) [holding that the 30-day removal period begins to run upon service of the Summons and Complaint].)  Here, TSI was served with the Amended Summons and First Amended Complaint on July 12, 2022, and it has filed the within Notice of Removal 10-days later, on July 22, 2022.   As such, this Notice of Removal is timely.

## VI. DIVERSITY JURISDICTION

19. The federal diversity statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."  (See 28 U.S.C. §1332(a).)

20. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. (See 28 U.S.C. §1441(a).)

21. Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on that ground. (See 28 U.S.C. §1441(b).)  In order to remove a case to federal court on diversity grounds, two elements must be met: (1) complete diversity must exist between the parties, i.e., plaintiffs and defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. (See 28 U.S.C. §1332.)

22. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.

/ / /

**A.     Complete Diversity of Citizenship Exists**

23.     Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.  For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (28 U.S.C. § 1332(c)(1).)

24.     In her August 13, 2020 Complaint to Determine Dischargeability of Debt, filed in the Nevada Bankruptcy Court, Plaintiff Kari Johnston asserts that she is a resident of Illinois.  (**ECF Document No. 54, attached hereto as Exhibit S.**)

25.     Defendant Terry Johnston is domiciled in the State of Nevada, residing at 7551 Saguaro Cactus Avenue, Las Vegas, Nevada, and is a citizen of the State of Nevada.  (**See Terry Johnston's Bankruptcy Petition,** *see* **Exhibit F.**)

26.     Defendant TSI is a corporation organized under the laws of the State of Texas. Its principal place of business is located at 12320 Cardinal Meadow Drive Suite #150 Sugar Land, Texas 77478.  (**See Bodzin Decl., ¶3-5, Exhibits. 1-3.**)

27.     For purposes of removal, Does 1 through 10, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The citizenship of these Doe defendants is to be disregarded for the purposes of determining diversity jurisdiction and, thus, cannot destroy the diversity of citizenship between the parties in this case. (28 U.S.C. § 1441(a), a*ccord, Newcombe, supra*, 157 F.3d at 690-91 (citing 28 U.S.C. § 1441(a).) Furthermore, because the Doe defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal.  (*Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) [named defendants not yet served in state court action need not join in the notice of removal], superseded by statute on other grounds in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988).)

**B.     The Amount in Controversy Exceeds the Jurisdictional Limit**

28.     Plaintiff's FAC seeks damages for fraud and restitution against TSI for over

1  $9,000,000, which represents the alleged difference in valuations of TSI stock in 2015, where

2  TSI allegedly conspired to undervalue Terry Johnston's stock's worth at $5,865,097, when it

3  was allegedly worth $15,000,000.  **See FAC at page 4: lines 3 to 8, and page 37: line 9 to**

4  **25,** *see* **Exhibit A.**  As such, the amount in controversy far exceeds the jurisdictional minimum

5  under 28 U.S.C. §1332.

6        29.     Although TSI expressly denies any liability for the damages alleged in Plaintiff's

7  Complaint, for purposes of determining whether the minimum amount in controversy has been

8  satisfied, the Court must look to the allegations of Plaintiff's Complaint and presume that

9  Plaintiff will prevail on its claims. (See *Kenneth Rothschild Trust v. Morgan Stanley Dean*

10  *Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d

11  1092, 1096 (11th Cir. 1994) [stating that the amount in controversy analysis "presumes

12  plaintiff prevails on liability"]; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.

13  1999) [facts presented in notice of removal, combined with Plaintiff's allegations, sufficient to

14  support finding that jurisdictional minimum satisfied]; *Galt G/S v. JSS Scandinavia* 142 F.3d

15  1150, 1155-1156 (9th Cir. 1998) [if attorneys' fees are recoverable by plaintiff by statute, the

16  fee claim is included in determining the amount in controversy]; *Exxon Mobil Corp. v.*

17  *Allapattah Services, Inc.*, 545 U.S. 546, 559, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)

18  [holding that when a well-pleaded complaint contains "at least one" claim that satisfies the

19  amount in controversy requirement, supplemental jurisdiction may be exercised over the

20  claims of other parties.])

21        30.     Based on the foregoing, Plaintiff's claims for damages, penalties, attorneys' fees,

22  and other monetary relief exceed the $75,000, jurisdictional minimum of this Court required

23  for federal diversity jurisdiction. 28 U.S.C. § 1332(a).

24        31.     Removal of this matter is therefore appropriate.

25  **VII.   FEDERAL QUESTION JURISDICTION**

26        32. Under 28 U.S.C. §1331, federal district courts have original jurisdiction over any

27  civil actions arising from the Constitution, laws, or treaties of the United States: i.e. federal

28  questions.  Where a complaint raises a federal question, the citizenship of the parties and the

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   amount in controversy is irrelevant. Actions which fall under §1331, even in part, may be

2   removed to federal court if they are originally filed in state court under 28 U.S.C. §1441(c). In

3   areas of law that are traditionally fields of state regulation, claims are addressed "with the

4   starting presumption that Congress did not intend to supplant state law." (*New York Conf. of

5   Blue Cross v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995).)

6   33.   Where federal jurisdiction is premised on the existence of a federal question,

7   removal is proper only (1) where a federal question appears on the face of the plaintiff's well-

8   pleaded complaint or (2) where federal law so completely preempts the plaintiff's state law

9   cause of action that the complaint necessarily arises under federal law. (*Emard v. Hughes

10   Aircraft Co.*, 153 F.3d 949, 961 (9th Cir. 1998), abrogated by *Egelhoff v. Egelhoff ex rel.

11   Breiner*, 532 U.S. 141 (2001).)

12   34.   The Court has original jurisdiction as per 28 U.S.C. §1331, based on the federal

13   questions raised in the First Amended Complaint ("FAC.") As set forth above, the following

14   federal statutes raised in the FAC:  11 USC §§ 523(a)(2), (a)(4), (a)(5), and (a)(15). As set

15   forth above and in TSI's Request for Judicial Notice, the federal questions also concern the

16   June 21, 2022 Order Granting Kari Johnston's Motion for Limited Stay Relief from 11 USC §

17   362(a) to Pursue Action in Family Court Against Debtor issued in United States Bankruptcy

18   Court, District of Nevada, Case No. BK-S-20-12461-GS (ECF Document No. 452), ("2022

19   Stay Relief Order"), *see* **Exhibit B.**  The 2022 Stay Relief Order specifically confirms that the

20   bankruptcy stay is not lifted to allow Kari Johnston to recover TSI shares that the Bankruptcy

21   Trustee already recovered and sold and/or any other community property claims the

22   Bankruptcy Trustee has already settled. Id. at **page 3, lines 7-16.**

23   35.   Based on the good-faith belief that Kari Johnston's entire FAC against TSI seeks

24   solely to recover TSI shares that the Bankruptcy Trustee already recovered and sold and/or any

25   other community property claims the Bankruptcy Trustee has already settled, TSI filed its

26   Complaint for Declaratory Relief Judgment as to the Rights and Interests Pursuant to

27   Settlement and Sale Orders on May 19, 2022 in United States Bankruptcy Court, District of

28   Nevada, Case No. BK-S-20-12461-GS, Adversary Case No. 22-01702-gs (ECF Document No.

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1.)("TSI Adversary Complaint"), *see* **Exhibit C**.  The federal statutes raised in the TSI Adversary Complaint are 28 USC §§ 157(b)(2)(A), (N) and (O), 11 USC § 541, 11 USC § 363.

36. The federal questions raised by Kari Johnston's FAC against TSI are as follows:

    a. Does the FAC against TSI solely seek recovery of TSI shares that the Bankruptcy Trustee already recovered and sold and/or any other community property claims the Bankruptcy Trustee has already settled;

    b. Should the FAC against TSI be stayed until the Nevada Bankruptcy Court has fully adjudicated TSI's Adversary Complaint;

    c. Should any portion of the FAC against TSI be stricken if is found by the Nevada Bankruptcy Court to solely seek recovery of TSI shares that the Bankruptcy Trustee already recovered and sold and/or any other community property claims the Bankruptcy Trustee has already settled.

37. Based on the foregoing, the FAC on its face and through the Bankruptcy Proceedings set forth in TSI's Request for Judicial Notice establishes federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331.

38. Removal of this matter is therefore appropriate.

Dated:  July 21, 2022               GORDON REES SCULLY MANSUKHANI, LLP

                                    By: _____
                                    Robert M. Bodzin
                                    Attorneys for Defendant
                                    TEDAN SURGICAL INNOVATIONS, INC.
                                    erroneously sued as TEDAN SURGICAL
                                    INNOVATIONS, a Texas Corporation, aka
                                    TEDAN SURGICAL INNOVATIONS, LLC