UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI JOHNSTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TERRY JAMES JOHNSTON, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04235-RS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING REQUEST FOR SANCTIONS, AND DENYING DEFENDANT'S MOTION TO STAY** |

　　　　This case file was opened in this district when Tedan Surgical Innovations, Inc., formerly known as Tedan Surgical Innovations, LLC, filed a notice of removal asserting a right to remove a case pending in the Family Law Division of San Mateo Superior Court, Case Number FAM-0122515. The case originated eight years ago as a petition for dissolution of marriage, under the caption *In Re Marriage of Petitioner Kari Johnston and Respondent Terry Johnston*. Tedan contends its right to remove the action arose when it was served with a first amended complaint in which Kari Johnson advanced claims against Terry Johnston and Tedan for having allegedly defrauded her in connection with stock of the company and patent applications that she contends were community property.

　　　　Kari moves to remand the matter to San Mateo Superior Court, and requests sanctions for improper removal. Tedan seeks to stay the action, pending adjudication of its claim for declaratory relief that is set to be heard in Bankruptcy Court in the District of Nevada, in which it argues the property rights at issue were previously adjudicated as part of Terry's bankruptcy. Pursuant to

Civil Local Rule 7-1(b), the motions are suitable for disposition without oral argument, and the hearing set for October 6, 2022, is vacated.

Tedan asserts the right to remove both on grounds of federal question and diversity. Neither ground is tenable. As to federal question, the adversarial complaint (as well as the underlying petition for marital dissolution) sounds exclusively in state law. Tedan contends it nonetheless presents federal questions because it includes extensive factual background regarding the proceedings in the bankruptcy court. None of those allegations, however, go to the elements of the claim or what must be resolved in this litigation, and therefore none of them supports removal on the basis of a federal question.[1]

Tedan's removal based on diversity fares no better. Although the parties may be diverse and the amount in controversy otherwise sufficient, jurisdiction does not lie in light of the strong policies reflected in the domestic relations exception to diversity jurisdiction, which rests on the principle that "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383 (quoting *In re Burrus*, 136 U.S. 586, 593–94, (1890)). In keeping with this principle, "federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968); *see also Csibi v. Fustos*, 670 F.2d 134, 137–38 (9th Cir. 1982); *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

Tedan's arguments that the domestic relations exception does not apply here are unavailing. First, the fact that Kari is not seeking a divorce or support from Tedan is beside the

---

[1] Tedan appears to imply further that prior determinations in the bankruptcy court undermine the viability of the claims. It is beyond dispute, however, that federal question jurisdiction for removal cannot be established by counterclaims or affirmative defenses. *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083 (9th Cir. 2009); *Wayne v. DHL Worldwide Express,* 294 F.3d 1179 (9th Cir. 2002); *Takeda v. Nw. Nat. Life Ins. Co*., 765 F.2d 815 (9th Cir. 1985); *Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *1 (N.D. Cal. Jan. 21, 2011).

point. Her claims relate to the conduct of the dissolution and the division of alleged marital assets. Second, Tedan's argument that it has somehow removed *only* civil claims between it and Kari has no basis in law or fact. Indeed, Tedan expressly argues it removed the entire case, and not only the First Amended Complaint.[2]

Finally, Tedan's contradictory argument that the First Amended Complaint *was actually severed* from the remainder of the marital dissolution action is without merit. Nearly a week after the removal, a San Mateo Superior Court judge issued a ruling on a preemptory challenge brought by Tedan against the judge who had been hearing the case. Under that ruling, trial of the First Amended Complaint is to be reassigned to another judge. Assuming the San Mateo Court may have had jurisdiction to address a case management matter of this nature even prior to a remand, such that the order was not simply void, it did not effect a severance—no language of severance was used, no new case number was assigned.

Tedan's overarching position is that it believes the recovery Kari seeks is barred by what happened in the bankruptcy proceeding. Whether that is right or wrong, it is an argument to be made in the Family Law Court and/or the Bankruptcy Court, not here. The motion to remand is granted. Although Tedan's filing of the notice of removal was dubious at best, no discretionary award of attorney fees will be made. Tedan's motion for a stay is denied.

**IT IS SO ORDERED**.

Dated: October 5, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

[2] The diversity removal statute in any event does not provide for removal of only part of a case.

CASE NO. 22-cv-04235-RS

3